# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Daira Alston, | **JURY DEMANDED** |
| Plaintiff, | |
| | No.: |
| v. | |
| Walmart Supercenter and Walmart, Inc. | |
| Defendants. | |

## COMPLAINT

Plaintiff, Daira Alston, by and through her undersigned counsel, files this Complaint alleging that her rights pursuant to Title VII of the Civil Right Act of 1964, as amended, 42 U.S.C. § 2000(d), *et. seq.*, ("Title VII"), and the Section 1981 of the Civil Rights Act, 42. U.S.C. § 1981, *et. seq.,* have been violated and avers as follows:

### I. PARTIES AND JURISDICTION

1. Plaintiff, Daira Alston (hereinafter "Plaintiff"or "Ms. Alston"), is an adult individual residing in Royersford, Montgomery County, Pennsylvania, with a mailing address of 212 Apartment B, Main Street, Royersford, Pennsylvania.

2. Defendant, Walmart Supercenter and Walmart, Inc. (hereinafter"Defendant" or "Walmart"), is an American retail store, registered to do business in Montgomery County, Pennsylvania and existing under the laws of Pennsylvania, with a corporate headquarters address of 702 S.W. Eighth Street, Bentonville, Arkansas 72716.

3. Defendant, Walmart, Inc., is an American multinational retail corporation operating a chain of discount department and grocery stores throughout the United States and headquartered in Bentonville, Arkansas.

4. Defendants were Plaintiff's employer for all relevant times herein.

5. Plaintiff worked for the Walmart Supercenter located in Norristown, Montgomery County, Pennsylvania with an address of 650 S. Trooper Road, Norristown, Pennsylvania 19403.

6. At all times material hereto, the Defendants qualify as Plaintiff's employer.

7. At all times material hereto, the Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendants.

8. Plaintiff has exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act and the Pennsylvania Human Relations Act. (See Exhibit "A," a true and correct copy of a "right-to-sue" issued by the Equal Employment Opportunity Commission).

9. This action is instituted pursuant to Title VII of the Civil Rights Act of 1964, Section 1981 of the Civil Rights Act and applicable federal and state law.

10. Jurisdiction is conferred by 28 U.S.C. §1331 and §1343.

11. Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

12. The venue is properly laid in this district because the Defendants conduct business in this district and because a substantial part of the acts and omissions giving rise to the claims set forth herein occurred in this judicial district. 28 U.S.C. § 1391(b)(1) and (b)(2). Plaintiff was

working in the Eastern District of Pennsylvania at the time of the illegal conduct by the Defendant, Walmart Supercenter, as set forth herein.

## II. FACTS

13. On or about September 18, 2018, Defendant, Walmart Supercenter in Norristown, Pennsylvania, hired Plaintiff to work in Maintenance, then during the course of her tenure, she was transferred to the Electronics Department.

14. At all times material hereto, Plaintiff was qualified for her position with the Defendant and performed her work without any complaint or issue up until the time her employment was terminated by the Defendant.

15. Ms. Alston was employed by Walmart Supercenter, for approximately two years.

16. Ms. Alston was a loyal, committed and a very competent employee who at the time of her termination, had no write-ups or disciplinary action taken against her.

17. On or about August of 2019, Ms. Alston was physically assaulted by a customer while cleaning the Electronics Departments at the Walmart Supercenter.

18. The aforementioned grabbed Ms. Alston's rear end and tried to expose himself to her.

19. Ms. Alston reported the harassment by the aforementioned customer to her manager, Billy, and complained to Walmart Human Resources. However, the customer continued to return to the Electronics Department and harass Ms. Alston.

20. Defendant did not act to ban the aforementioned customer until after he had returned to the store on multiple occasions.

21. Eventually Defendant did ban said customer from the store.

22. Ms. Alston was also sexually harassed by her manager, Billy, who would linger in the Electronics Department while Ms. Alston worked and comment on Ms. Alston's appearance, talk about strippers and openly talk about his relationship with his wife. Ms. Alston complained to Human Resources, in writing, about her manager Billy's behavior but received no response.

23. Ms. Alston was also sexually harassed by other managers of Defendant, Walmart Supercenter, Jonathan and Gary, who are also friends of Billy.

24. Jonathan, Gary and Billy are all Managers and employees of Defendant, Walmart Supercenter.

25. Manager Gary would make sexual advances towards Ms. Alston.

26. Manager Jonathan would come into the Electronics Department and stare at Ms. Alston's rear end, whistle at her and make animal noises towards her such as monkey or dog sounds. Jonathan even went as far as to hand her dog merchandise.

27. Manager Johnathan told Ms. Alston that her hair "looked like cotton" and that she would need to "fix it" in maintenance.

28. Ms. Alston reported the harassment by Jonathan to HR, and based upon the results of an investigation, Johnathan was demoted.

29. Almost immediately following Jonathan's demotion, the harassment intensified. Jonathan and co-workers, including managers, would stack the electronic pallets high and knock down pallets and merchandise all over the store to create extra clean-up for Ms. Alston.

30. Ms. Alston continued to be harassed by her co-workers and managers.

31. Ms. Alston reported the continued harassment to Human Resources and Walmart Global Ethics and experienced further retaliation.

32. On or about October 14, 2020, Ms. Alston discovered a makeshift bladed weapon or "shank" in a resealed box meant for her to open.

33. In addition to this threat of physical harm, Ms. Alston's co-workers and managers continued to knock over merchandise in her department, misplace her pallets and exclude her from team meetings, thus creating a hostile work environment.

34. On or about the beginning of April 2020, Plaintiff had to call out of work for protected leave to provide childcare pursuant to the Families First Coronavirus Response Act.

35. Ms. Alston followed protocol during the Pandemic and dialed the 1-800 number each day she would be out to watch her child and made sure she received a confirmation number. In spite of her efforts, Ms. Alston was terminated from the Walmart Supercenter in Norristown, Pennsylvania on June 2, 2020.

36. Based on information and belief, the Defendant, Walmart Supercenter's, primary motivation for terminating Ms. Alston was due to her written sexual harassment claim and the reasons given were pretextual.

37. Despite this conduct, the aforementioned co-workers and managers remain employed at Defendant's Supercenter.

38. As set forth above, the Defendant engaged in discriminatory, disparate and retaliatory treatment of Ms. Alston in terminating her employment.

39. As a direct and proximate result of the Defendant's conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages and earnings, as well as emotional distress, humiliation, pain and suffering, personal injury damages and other damages as set forth below.

### III. CAUSES OF ACTION

# COUNT I
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## HARASSMENT

40. Plaintiff incorporates the proceeding paragraphs as if fully set forth at length herein.

41. The Defendant is responsible for the hostile work environment which allowed Plaintiff to be verbally, physically and sexually harassed by the aforementioned customer, co-workers and managers.

42. Plaintiff's race and status as being woman and single mother, places her in a protected class.

43. Plaintiff's membership in a protected class was a motivating factor in the Defendant's decision to terminate her employment.

44. Plaintiff suffered disparate treatment by the Defendant, as set forth above.

45. As such, the Defendant's decision to terminate Plaintiff's employment is an unlawful employment practice under 42 U.S.C. § 2000e-2(a).

46. As a proximate result of the Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

47. As a result of the conduct of the Defendant's management, Plaintiff demands punitive damages.

48. Plaintiff demands attorney's fees and court costs under the Section 704(a) of the Title VII, 42 U.S.C. §2000e-3(a), et seq.

## COUNT II
## TITLE VII - RETALIATION
### (42 U.S.C.A. § 2000e-3(a))

49. Plaintiff incorporates the proceeding paragraphs as if fully set forth at length herein.

50. As set forth above, Plaintiff complained to Management regarding the verbal, physical and sexual harassment the aforementioned client would make towards Plaintiff and as such, Plaintiff was engaged in protected activity under Title VII of the Civil Rights Act.

51. The Defendant took adverse action against Plaintiff by terminating her employment immediately upon a report of such conduct.

52. As set forth above, Plaintiff's participation in protected activity was a motivating factor in the Defendant's decision to terminate her employment.

53. As such, the Defendant's decision to terminate Plaintiff's employment is a retaliatory action prohibited by Title VII of the Civil Rights Act of 1964, § 704(a).

54. As a proximate result of the Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

55. As a result of the conduct of the Defendant, Plaintiff hereby demands punitive damages.

56. Pursuant to Title VII of the Civil Rights Act of 1964, § 704(a), 42 U.S.C. §2000e-3(a), et seq., Plaintiff demands attorney's fees and court costs.

## COUNT III
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## SECTION 1981

57. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

58. Section 1981 of the Civil Rights Act prohibits discrimination on the basis of race in the making of contracts, including employment contracts.

59. The Defendant's conduct in terminating Plaintiff's employment was based on her race.

60. The Defendant's conduct in terminating Plaintiff's employment would have been different "but for" Plaintiff's race.

61. Pursuant to the Section 1981 of the Civil Rights Act, Plaintiff demands attorney's fees and court costs.

## V. RELIEF REQUESTED

**WHEREFORE,** Plaintiff, Daira Alston, demands judgment in her favor and against Defendants, Walmart Superstore and Walmart Inc., in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages, lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

B. Punitive damages;

C. Attorney's fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

Date: February 25, 2021  **LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: *s/ Mary LeMieux-Fillery*
**MARY LEMIEUX-FILLERY, ESQUIRE**
**(Pa Id. No.: 312785)**
Two Penn Center, Suite 1240
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Tel.: (267) 546-0138
Fax: (215) 944-6124
Email: maryf@ericshore.com
*Attorney for Plaintiff, Daira Alston*